JOHN D. MORRISON V. OLIVER LOFTIN.

1. PRACTICE.—A defendant, who has excepted to the petition for the
non-joinder of certain parties as defendants, cannot except to the
intervention of such parties in the suit.

2. PRACTICE—EXCLUSION OF TESTIMONY.—The exclusion of testi-
mony which, if admitted, would not have changed the result, cannot
be considered cause for reversal.

3. JUDGMENT, SUFFICIENCY OF.—A judgment annulling a former judg-
ment, described by number of suit, names of parties, and court in
which rendered, and declaring the title of plaintiff superior to that
of defendant in lands described, and annulling certain muniments
of title and conveyances described by names and dates, is sufficiently
certain.

4. JUDGMENT—PARTIES.—No one is bound by a judgment or decree to which he has not become a party in some of the modes prescribed by law.

5. TAX SALE.—The law of 1866 (Paschal's Dig., art. 7502) required the assessor to return to the County Court a descriptive list of delinquent tax-payers, and to obtain a decree of the County Court condemning the land to be sold, describing the land in such way as to enable any one interested to ascertain by inspection of such decree what land was to be sold. with name of apparent owner, and full direction to the assessor in making the sale.

6. SAME.—See an order condemning lands for sale for taxes, held insufficient.

APPEAL from Henderson. Tried below before the Hon. M. H. Bonner.

Oliver Loftin brought suit against John D. Morrison to set aside a former judgment of the District Court of Henderson county in which Morrison was plaintiff and James W. Duty and John Z. Chandler were defendants, and to quiet the title of Loftin (plaintiff) to the east half of the Simon Weiss league of land in said county.

The petition alleged in detail that before the institution of the first suit, 14th February, 1872, and before the rendition of judgment therein, July 12, 1872, he was the owner of 2,214 acres of said Weiss league, being its east half; and that previously, on January 20, 1871, he had sold by metes and bounds to said James W. Duty 348 acres of said land, by warranty deed duly recorded April 28, 1871, and had sold to John Z. Chandler by metes and bounds 352 acres of the same tract, by warranty deeds in all 700 acres of land; that at the date of said judgment plaintiff was and still is the owner of the part unsold; that in said first suit, filed February 14, 1872, Morrison sought to set aside the two deeds made by Loftin, plaintiff, to Duty and to Chandler as clouds upon his title; that by said suit Morrison sought to recover the whole of said 2,214 acres, when the defendants, Duty and Chandler, had no claim in said land, except to the tracts conveyed by metes and bounds by the two deeds from plaintiff, Loftin; and that they, Duty and

Chandler, set up no claim to any other part of the same, and had no authority from Loftin, plaintiff, to hold possession or exercise any authority over any of said 2,214 acres other than the tracts so conveyed to them; that the judgment rendered in said suit was void as against Loftin, (1,) because he was not made a party to the suit, nor did he appear therein; and (2,) because the suit was instituted and the judgment obtained by fraud and by collusion between the parties thereto, Morrison and the defendants, Duty and Chandler; that said Morrison had no title to said land when he instituted said suit, nor afterwards; that he claimed title thereto by virtue of a certificate of purchase of the same at tax sale made by said James D. Morrison to his brother, H. M. Morrison, of date January 31, 1869; that the tax sale was illegal for the reasons that there had been no condemnation and order of sale made by order of the County Court, as required by law, and also because, though ostensibly bid off by his brother, H. M. Morrison, the land was, in fact, bid off for the use and benefit of said John D. Morrison, the money bid never being in fact paid, the said land having been rendered for taxation in Cherokee county by the agent of its owner, the grantor to Loftin, and the taxes tendered the assessor and collector of Cherokee county; and that plaintiff had on 17th September, 1872, paid into the State treasury the amount of the said taxes, interest and costs, as required by law for the redemption of lands sold for taxes.

July 16, 1873, defendant Morrison pleaded a general demurrer and special exceptions, setting up the non-joinder of Duty and Chandler, general denial, and pleaded his title, alleging that Loftin knew of the suit by Morrison *v.* Duty and Chandler, denying specially the allegations of fraud.

July 26, 1873, Duty and Chandler intervened, alleging that they hold the lands by each claimed, by and under deeds from both Loftin and Morrison; and that

they obtained deeds from Morrison with honest intention to obtain a good title without fraud or collusion.

On the trial it was admitted that Loftin had a regular chain of title from the patent. The record of the suit of Morrison *v.* Duty and Chandler, in evidence, showed that Loftin was not made party, nor did he appear, and that the judgment therein was executed against Duty and Loftin, they submitting and yielding possession. The said suit was filed February 14, 1872. Duty and Chandler each had deeds of date October 16, 1871, from Morrison, for the land by them claimed respectively, being the same conveyed them by Loftin, as alleged in the petition.

Plaintiff read the decree of the County Court of Henderson county at January term, 1869, viz: "Now comes John D. Morrison, assessor and collector of taxes for Henderson county, and applies to the court for an order or decree of condemnation and sale of certain unrendered lands situated in Henderson county, for the amount of the taxes, costs, &c., due thereon for the year 1868. It is therefore ordered and decreed by the court that all of said lands, the same being mentioned and described in a list of same presented to the court, be and the same is hereby condemned and considered subject to be sold for the taxes, costs, &c., due thereon for 1868, except such as may be redeemed by payment of said taxes, &c., and also provided that the said lands shall first be advertised in accordance to the law in such cases made and provided for at least twenty days."

30 January, 1869, J. D. Morrison, assessor and collector, executed to H. M. Morrison a certificate of purchase at tax sale, as follows:

"No. 39, cert. of purchase, $15.00. I certify that H. M. Morrison did on 30 January, 1869, purchase of me at tax sale the following real property, viz: situate in Henderson county. On whose account sold: owner unknown. Abs. No. 497, class 1st. Original grantee, Simon Weiss. No.

of acres purchased, 3,152; grand total charges and costs $15.00.

"The beginning corner of said property is as follows: southwest.

"In testimony whereof I hereto sign my name on this 30 day of January, 1869.

"J. D. MORRISON,
"*Assessor and Collector, Henderson Co.*"

October 31, 1871, J. H. Skinner, sheriff of Henderson county, (a surveyor having made out field-notes and a plat of the land,) executed to H. M. Morrison a deed for the same.

The clerk of the District Court testified that he had custody of the records of the former County Court, and that there was of record no other order or decree of condemnation for lands for taxes for 1868, except the one given above, and that no list of condemned lands was filed in the County Court.

H. M. Morrison conveyed the lands deeded to him by Skinner to J. D. Morrison on November 7, 1871.

The deeds of Morrison were made when the land was surveyed and before deed by Skinner to H. M. Morrison. It was understood between Morrison and Duty and Chandler that the deeds were not to take effect till after Morrison got judgment against them. Morrison was to defray the expenses of the suit—the costs were paid by him—he saying he was to be reimbursed on the recovery by Duty and Chandler on their warranties against Loftin. It was a friendly suit. Duty testified that he notified Loftin of the suit, and showed him a copy of the petition.

Morrison testified that his brother, H. M. Morrison, paid the amount of his bid at the time; that he paid his brother $400 for the land about a year after the sale; that the deeds given Duty and Chandler were to protect them in their improvements.

The jury found a verdict as follows: "We, the jury,

find that the judgment obtained at the July term, 1872, in favor of the plaintiff, J. D. Morrison *v.* Jas. W. Duty and J. Z. Chandler, is of no binding force and effect as against said Oliver Loftin, for want of proper notice as to him; and that said judgment be set aside as to said Loftin. We further find for the plaintiff, Loftin, that his title is superior in law to that of defendant Morrison."

Upon which the court rendered judgment, setting aside the judgment in said case No. 716, between Morrison and the intervenors, Duty and Chandler, and declaring the same a nullity as to plaintiff Loftin, declaring the title of Loftin superior to that of Morrison, defendant, in one thousand five hundred and fourteen acres of the Weiss league, as described in the petition (by metes and bounds;) that the certificate of purchase No. 39, executed by J. D. Morrison January 30, 1869, to H. M. Morrison, for three thousand one hundred and fifty-two acres of the Weiss league, and the deed of Skinner, sheriff, of date October 30, 1871, to H. M. Morrison, and deed from him to defendant J. D. Morrison, of date November 1, 1871, be declared nullities so far as they are in conflict with the title of the plaintiff and for costs.

Motion for new trial was overruled, and Morrison prosecuted his writ of error.

The bills of exceptions taken by Morrison sufficiently appear in the opinion.

*T. J. Word*, for plaintiff in error.

*Reagan, Greenwood & Gooch*, for defendant in error.

IRELAND, ASSOCIATE JUSTICE.—The first error assigned in this case is to the effect that Duty and Chandler had no right to intervene, and that it was error to allow them to do so. It is not perceived in what respect the defendant was injured by the intervenors appearing in the suit. Nor is the plaintiff in a position to complain of that ruling of

the court.   One of defendant's exceptions to plaintiffs' petition is, that Duty and Chandler had not been made parties.

The second assignment is that the court erred in not allowing the witness to state where the list referred to in the decree of the County Court was, and what it contained.

This list is the one required to be returned to the County Court, upon which the court was to make its decree of condemnation in order that the collector might sell.

It was not shown, as stated, what use was proposed to be made of the evidence sought.

If the list returned to the County Court had been before the court it could not in any way have aided the defendant, and it was not error to exclude the testimony.

The third assignment is that the court erred in excluding the list of lands sold for taxes.

This assignment is disposed of in the second, as the evidence sought to be made by the clerk is the only evidence excluded, as disclosed in the bills of exceptions.

The fourth error assigned is, that the judgment is " uncertain, duplicitous."

The judgment vacates the judgment obtained in cause No. 716, so far as Loftin is concerned, and holds the same for naught.

It further declares Loftin's title to the property in controversy to be superior to that of Morrison's, and is otherwise formal, and we think sufficiently certain.

The fifth assignment of error is in overruling defendant's motion for a new trial.   All the grounds properly embraced in this assignment of error have been already passed upon, except the sufficiency of the evidence to support the verdict.

Loftin was not a party to the suit No. 716 of Morrison *v.* Duty and Chandler; nor did he appear either in person or by attorney, and he was therefore in no way bound by it.

"No person is bound by a decree or judgment to which he has not become a party in some of the modes known to the law." (Fenwick v. Macey, 2 B. Monr. R., 469; McCoy v. Crawford, 9 Tex., 356.)

When we look at the fact that Duty and Chandler had deeds from Morrison for the very land that Loftin had sold them, and that these deeds were prior in date to the filing of the suit against them by Morrison; that Duty and Chandler were the only parties to the suit; that Morrison was to pay all costs; and that there was really nothing to litigate between Morrison and Chandler and Duty, we believe the jury were fully warranted in their finding.

The law of 1866, under which Morrison pretended to sell the land, (Paschal's Dig., art. 7502,) required the assessor, among other things, to return to the County Court a descriptive list of delinquent tax-payers, and to obtain a decree of the County Court condemning the land to be sold. This act required the decree to describe the land in such way as to enable any one interested to determine from an inspection of the decree what land was to be sold, with name of apparent owner, and full direction to the assessor as to how the sale should be made; and in view of the requirements of that law we hold that the order of the County Court, as disclosed in the record, was a nullity, and conferred no authority on the assessor to sell. (Jones v. Taylor, 7 Tex., 240.)

After a careful examination of the pleadings and evidence we are not able to detect any material error. The evidence fully sustains the pleadings in the cause, and fully justifies the verdict. A more glaring case of attempted wrong has seldom been presented to a court of justice. The judgment is affirmed.

AFFIRMED.