## C. Y. HUTCHINSON AND WIFE V. CLARK L. OWEN.

In this case a motion for leave to withdraw the transcript to assign errors, on the ground that the defendant in error had prematurely taken the transcript out of the office of the Clerk of the Court below and filed it, was refused, the Court remarking that, the plaintiff in error might have assigned errors and obtained another transcript. The transcript contained only twelve pages.

Quere, whether a judgment by default is good, where the petition shows no cause of action, and the defect is cured by amendment before judgment, of which amendment defendant has no notice.

Where the entry of judgment recited that the defendant made default, but concluded with the words, "and it is agreed between the parties that execution shall be stayed until the first day of the next Term of this Court," it was held that the entry showed that the defendant was in Court, assenting to the judgment.

Error from Gonzales. Tried below before the Hon. Fielding Jones.

Suit by defendant in error against plaintiffs in error, on two promissory notes, expressed to be in consideration of negro hire "for the farm." Amendment alleging that the farm was the separate property of the wife, that the debt was incurred for its benefit, &c. The defendants had been served with citation and copy of the original petition; the amendment being filed afterwards. The entry of judgment commenced, "This cause being called, the defendants made default," &c., and concluded with the words, "and it is agreed between the parties that execution shall be stayed until the first day of the next Term of this Court." The transcript was filed by defendant in error on the 12th of November, which was three days before the day assigned for causes from that district. There was no assignment of errors, and plaintiffs in error moved the Court for leave to withdraw the transcript, for the purpose of assigning errors. The motion was in writing, but the date of filing was not indorsed. The transcript contained only twelve pages of manuscript.

*I. A. & G. W. Paschal,* for plaintiffs in error. This record was made out for the plaintiffs in error, and they had till the

15th to bring it up and file it. (Hart. Art. 2937.) The assignments of error were required to be attached to, but not incorporated in the record before taken from the Clerk's office. (Hart. Dig. 2940.) The plaintiffs in error could not assign their errors, as the record was taken out by defendants before the time had elapsed. The record is under the control of the plaintiff in error, and the appeal may be dismissed to assign errors. (Miller v. Jasper, 10 Tex. R. 513.) The plaintiffs in error are not deprived of this right by the defendant in error bringing the record and filing it before he was authorized to do so.

But should the record not take this course, then we contend the judgment must be reversed on the authority of Whetmore v. Woodhouse, 10 Tex. R. 33.

*Parker & Nichols,* for defendant in error.


ROBERTS, J. The motion cannot be granted. If the appellants had filed their assignments of error in due time, upon finding that the appellee had prematurely taken out the transcript, they might have obtained another transcript of the record with their assignments of error annexed thereto, and filed the same in this Court.

The motion being disposed of, we are asked to reverse the judgment without an assignment of errors, because there is no cause of action presented in the original petition, and there was no service of a copy of the amended petition which presents a new cause of action. It is very much doubted whether this judgment could be sustained, having been entered as a judgment by default in form, if it did not sufficiently appear that the parties were in Court and recognized the proceedings by taking the benefit of a stay of execution. In the conclusion of the judgment it is recited that "it is agreed between the parties, that execution shall be stayed until the first day of the next Term of this Court." This entry evidences the presence of the parties and their recognition of the judgment, sufficiently to cure any defect in the proceedings, from the want of notice of the amended petition.

Judgment affirmed.