## H. C. LAIRD v. WILLIAM THOMAS.

To subject the separate property of the wife, in an action against the husband and wife, upon a promissory note signed by them both, it is not sufficient to aver, in the petition, that the consideration of the note was goods and merchandise purchased of plaintiff by the wife, for her own use and benefit, and the use and benefit of her family; and a judgment simply by default, upon such a petition, against the separate property of the wife, is erroneous.

A married woman, sued in connection with her husband, may waive errors, and make compromises, in relation to the proceedings in such suit.

Where an acknowledgment of service, and waiver of process, appears to have been signed by the husband and wife, it is sufficient, on its face, to authorize proceedings against them; and the court will not presume it to be the unauthorized act of the husband.

Although a judgment by default, has been given against the wife, upon a defective petition, yet, if she accepted service, and waived citation, and it appear from the record, that the judgment was entered by agreement of parties, this court will not reverse it.

A recital in the entry of the judgment, that "it is agreed between the parties, that execution shall be stayed six months," and a provision that the execution shall not be levied upon the separate property of the wife, if there be sufficient community property, or separate property of the husband, to satisfy the same, makes it reasonably certain that the judgment was entered upon an understanding between the parties.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

Suit by defendant in error, against plaintiff in error, and her husband, L. E. Laird, upon the following promissory note:

"$406 53.                                    Gonzales, January 1st, 1857.

" One day after date, we, or either of us, promise to pay "William Thomas, or order, four hundred and six and $\frac{53}{100}$ dol- "lars, for value received, with interest at the rate of ten per "cent. per annum.                                    L. E. LAIRD,

H. C. LAIRD."

This note was alleged in the petition to have been given in consideration of goods and merchandise, purchased of peti- tioner by the said H. C. Laird, (plaintiff in error) the wife of the said L. E. Laird, for her own use and benefit, and the use and benefit of her family. The prayer of the petition was for judgment against the defendants, for the amount of the note, interest, and costs; and if there should not be sufficient com- munity property belonging to defendants, nor sufficient sepa- rate property of the said L. E. Laird, to satisfy the judgment, then, that the separate property of the said H. C. Laird, his wife, be adjudged, &c. On the petition, were the following endorsements:

"Filed 11th March, 1857. ISAAC E. NICHOLSON, Clerk."

"Gonzales, March 12, 1857.

"I hereby acknowledge service on me of the within petition, "and waive further service, and the issuance of process against "me in this case.                                    "L. E. LAIRD,

"H. C. LAIRD."

On the 10th of April, 1857, no answer having been filed by defendants, there was a judgment by default against them, for the full amount of the said note, interest, and costs, in the usual form; after which, the entry concluded as follows: "And "should the defendants not have sufficient community, or sepa- "rate property belonging to the defendant, L. E. Laird, to "satisfy the judgment, then the residue shall be levied of the "separate property of the defendant, H. C. Laird: and it is "agreed between the parties, that execution shall be stayed six "months from this date."

On the 27th of January, 1858, the defendant, H. C. Laird, sued out this writ of error.

*T. M. Harwood,* for plaintiff in error. The wife has no power to make a contract binding even upon her separate property, unless in the manner pointed out by law. (Hollis and wife v. Francois and Border, 5 Tex. Rep. 195.) The fact that the wife's name appears to a note, or other contract, jointly with her husband, does not make it binding upon her, or her separate estate, unless it is acknowledged by her before some competent officer, separate and apart from her husband, to be her voluntary act and deed, and that she wished not to retract it, &c.

And it is submitted, that the same reasoning is applicable to the pretended effort to waive service of citation. If it were otherwise, she would be effecting indirectly, that which she cannot do directly.

But in this case, it is evident, this defendant had not her day in court. The pretended waiver of citation, and acceptance of service, upon the back of the petition, speaks for itself. We think it evident, the wife had no hand it. It was done by the husband, T. E. Laird, and without her knowledge. This pretended waiver of citation, upon the back of the petition, is a signal instance of the wisdom of the law, which requires the certificate of an officer of the law, that she had signed the paper, &c. In this case, she had no opportunity of defending her rights, even if she could have been charged with the debt; and hence her interests, and her rights, should not be prejudiced by the default: the judgment by default, then, cannot be binding upon her, inasmuch as she was never before the court.

But, aside from this view of the case, if it was intended to bring this suit under the statute, (Hart. Dig. Art. 2423 and 2424,) the petition is manifestly insufficient. The consideration of the note is alleged to be, "goods and merchandise purchased "at the petitioner's store, in Gonzales, by said H. C. Laird, "the wife of said T. E. Laird, for her own use and benefit, and

"the use and benefit of her family." This is insufficient, as decided by this court in Brown v. Ector, 19 Tex. Rep. 346. The wife's estate is not always liable for necessaries for the use of the family. (See case last cited.)

There is no allegation in the petition that the husband is insolvent, nor that there is no community property. Hence, he cannot subject the separate estate of the wife to the debt, by a judgment outside of the statute. (See case last cited, and also Christinas v. Smith, 10 Tex. Rep. 128.) Again, the debt should be made out of the rents, hires, and profits of the wife's separate estate, if possible. There is no showing but that it can be so made.

But again, there should have been a jury empanneled to try the facts. The final judgment by default, subjecting this defendant's separate estate to the payment of the debt, was clearly wrong.

*H. S. Parker*, for defendant in error. All legal presumptions are in favor of the judgment. (Curry v. York, 3 Tex. Rep. 357; Panderson v. Love, Id. 60; Borden v. Houston, 2 Id. 594; Ward v. Townsend, Id. 581; Holman v. Britton, Id. 297.)

In this case, the only legal presumption would be, that the parties by consent, permitted the judgment to go by default.

The fact that the parties agreed to a stay of execution, which was for the benefit of the defendants, would lead to the conclusion, that they consented to the judgment being taken against them; and it would be construed, as though there had been a verdict and judgment. (Heath v. Whidden, 29 Maine Rep. 108; Duncan v. Hartwell, 9 Tex. Rep. 495; Cannon v. Hemphill, 7 Id. 184; Merritt v. Clow, 2 Id. 582; Burton v. Varnell, 1 Id. 635; Hutchinson v. Owen, 20 Id. 287.)

If the judgment is not considered to have been taken by consent, then the facts, as alleged in the petition, are to be taken as proved under the default. (Watson v. Newsham, 17 Tex.

Rep. 437; Long v. Wortham, 4 Id. 381; Callison v. Autry and wife, Id. 371.

BELL, J. The court cannot indulge in any presumptions against the fairness and sufficiency of the acknowledgment of service, as it is signed by both husband and wife, and is sufficient, on its face, to authorize proceedings against them.

This court has gone far to protect the rights of married women, and to shield their separate property from waste, whenever the authority of the court has been invoked in a proper case. But this court cannot go to the romantic length of indulging the presumption, that a husband, in any case, will commit a fraud upon his wife, by bringing her into court without her knowledge or consent, or that he will collude with others to her injury. If presumptions were to be indulged, we would rather presume that affection and confidence exist between husband and wife, and that the husband will protect the wife in her interests, rather than do her wrong.

If this case had been contested in the court below, the petition would have been held insufficient, in its allegations, to entitle the plaintiff to a judgment against the separate property of the wife. And if the judgment had been simply a judgment by default, it would be reversed by this court, as to the present plaintiff in error, because the petition does not state a good cause of action against her. As to the sufficiency of the petition to charge the wife's separate property, see the case of Brown and another v. John Ector and wife, 19 Tex. Rep. 346.

But in the present case, there was no contest in the court below; and the judgment shows, although it is, for the most part, in the usual form of a judgment by default, that in point of fact, it was rendered upon an understanding between the parties. It recites that, by agreement between the parties, execution shall be stayed for six months. The judgment is also somewhat unusual in its form, in another respect. It provides, that if there shall not be sufficient community property of the defendants, or separate property of the husband, to satisfy the

judgment, then execution shall be levied for the residue, on the separate property of the wife.

This form of judgment, taken in connection with the agreement for a stay of execution, makes it reasonably certain, that the judgment was entered upon an understanding between the parties. It may be that all this was done without the knowledge of the wife, the present plaintiff in error; but there is no proof of it, and we cannot presume it.

In the case of Hutchinson v. Owen, 20 Tex. Rep. 287, the judgment was entered as a judgment by default; but in conclusion it stated, as does the judgment in this case, that by agreement between the parties, execution should be stayed until the next term. This court held that the recital showed that the parties were in court, and recognized the judgment; and because it so appeared, that the parties recognized the judgment, it was affirmed, although the original petition set forth no cause of action, and there had been no service of an amended petition, in which alone the cause of action was set forth.

There can be no doubt that errors might be committed, or defects in proceedings might exist, which would not be cured by such a *quasi* consent to a judgment, as will be inferred from a stipulation for a stay of execution.

We do not wish to be understood, as being disposed to favor loose proceedings, in cases where the rights of married women are involved, and where the effort is made to charge their separate property. In suits to subject their separate property, the statute provides, that the proof shall be satisfactory to the presiding judge. But this provision of the law cannot be construed to mean, that a jury must be empanneled, and that the judge and the jury must hear the evidence. It only means, that the courts must extend to married women, the full protection of the law, when they invoke it. It does not take away from the married woman the right to make compromises, and to waive errors in proceedings against her.

We see no sufficient reason, in this case, to disturb the judgment; and we have said thus much, only because the case be-

longs to a class, in which the court may be excused for stating, at unnecessary length, the considerations which have influenced the decision.    The judgment is affirmed.

Judgment affirmed.