DeWalt v. Snow.

---

## K. B. DeWalt v. Elvira Snow.

The rule laid down in Morrison v. Walker, 22 Tex. R., 18, as to the necessity of service of an amendment setting up a cause of action on a demand for money other than that set forth in the original petition, applies to the case of an amendment declaring on a mortgage given to secure the payment of the notes set forth in the original petition, which made no mention of the mortgage.

The want of service of the amendment is cured by a recital in the judgment, which shows that the defendant was in court either in person or by attorney; as that "the plaintiff agrees with the defendant to stay said order of sale and execution until the first of February next."

ERROR from Polk. Tried below before the Hon. James M. Maxcy.

Suit by Elvira Snow against K. B. DeWalt on two promissory notes amounting to $1913 50; petition filed September 15, 1858; process served on the 20th of the same month. Amended petition filed on the 8th of October, 1858, setting up a mortgage upon certain negroes, executed by the defendant to secure the payment of the notes, and praying for a decree to sell the property. The defendant filed no answer, and on the 9th of October, 1858, a judgment by default was rendered against him for the amount of the notes, and a decree rendered ordering the sale

of the mortgaged property and execution according to the usual form.   There appears in the record no statement of facts, bills of exception, or assignment of errors.

*Leigh & Baker*, for the defendant in error.

BELL, J.—In this case the original petition made no mention of the mortgage executed to secure the payment of the promissory notes sued on.   The mortgage was declared upon in the amended petition only.   There was proper service of the original petition, but no service of the amended petition setting up the mortgage.   In the case of Morrison v. Walker, 22 Tex., 18, it was held that "in all cases where a demand for money upon a cause of action other than that set forth in the original petition, is made by an amendment, there must be service of the amendment, or the record must disclose the fact that the party to be affected by the amendment was actually in court, in person or by attorney, and might have had notice of such amendment."   So in this case the amended petition setting up the mortgage was an amendment of which the defendant ought to have had notice, because it was an additional demand against him, incident, in one sense, (it is true,) to the notes sued on, but which entitled the plaintiff to a judgment against the defendant much more onerous than that which was claimed by the original petition.   There ought, therefore, to have been service of the amended petition.

But the want of service is cured by a recital in the judgment which shows that the defendant was in court either in person or by attorney.   The decree recites that "the plaintiff agrees with the defendant to stay said order of sale and execution until the first of February next."

The order of sale referred to in this part of the decree is the order for the sale of the mortgaged property.   In the case of Hutchinson and wife v. Owen, 20 Tex., 289, it was held that although the judgment was in the usual form of a judgment by default, a recital that the parties agreed to a stay of execution showed sufficiently that they were in court and recognized the proceedings.   The case of Hutchinson v. Owen is precisely in

21Y

point upon the question now before us, and that case has been recognized as establishing a correct rule in a later case which is not yet reported.

The judgment entered by mistake on a former day of this term will be set aside, and the judgment of the District Court affirmed with damages.

Affirmed with damages.