## WM. H. LESSING V. CUNNINGHAM & HARDEE.

(Case No. 3535.)

1. JUDGMENT BY CONSENT.—It is no valid objection to a judgment by consent, that the cause of action was so defectively stated as to have required a reversal had the judgment been rendered on a contest of rights between the parties. The effect of such a judgment is a waiver of all errors except such as would involve the jurisdiction of the court.

ERROR from San Saba. Tried below before the Hon. W. A. Blackburn.

The opinion states the case.

*Hancock & West* and *D. W. Doom,* for appellant.

I. The statement of this contract clearly shows it to be one in writing (which is the fact *dehors* the record), and the presumption is to that effect; otherwise the contract is bad under the statute of frauds, because not to be performed within a year. The only way plaintiff below could have avoided the statute of frauds, would have been to sue upon a *quantum meruit.* See 2 Parsons on Contracts, pp. 316–319. The plaintiffs having declared upon this kind of contract and its breach, it must be presumed to be in writing. See Cross *v.* Everts, 28 Tex., 523; 20 Tex., 171; 18 Tex., 158; 12 Tex., 199; 5 Tex., 512. It was made December 1, 1874, and payment to be made January 1, 1876. This contract was not pretended to be recorded; therefore no lien. When contract is in writing, recording of same only can secure the lien. Now, for the purpose of argument we will admit that plaintiffs below finished the house April 1, 1875, as per contract; then we ask, how much was due at that time? Petition shows two payments, to wit: $450 and $94, making $544, leaving due April 1, 1875, the sum of $56. This amount is all that was due when the bill of particulars is alleged to have been recorded; but the bill of particulars, "exhibit A," shows that this is not a fact; it was filed August 13, 1875, but not recorded till December 1, 1875, which was not sufficient to secure the lien; it was not recorded till eight months after April 1st, when the $56 became due. Filing alone is not sufficient, especially not for five months, as in this case (unless reason is shown why not); if good for that time, sufficient record for all time. This was the only time the bill of particulars was recorded. The remainder of the $325 did not become due till January, 1876; therefore no lien existed for that amount till then, 1876. The law requires the contract to be recorded within six months after the debt becomes due, and if the contract be verbal, a "bill of particulars," etc.

What is meant by "bill of particulars?" Merely a statement of items of lumber furnished and labor done, without any dates? Or does it mean the particulars of the contract also? We think the latter is what the law contemplated. All building and work of this kind is done upon some contract or agreement. The "particulars" of the contract in this case would have shown how payment was to be made, when to be made, how much had been paid, when paid, and when due; but in this case nothing of the kind is done, and the plaintiffs below entirely abandoned their contract and fail to state anything about it in their bill of particulars.

II. "A petition stating a cause of action is a prerequisite essential to all other proceedings in a civil suit, and must precede all other actions in a cause as well when judgment is sought by confession or otherwise, and it must be clear and independent of papers referred to." The following case is analogous to this. See Goodlett v. Stamps, 29 Tex., 122, and Thompson v. Eanes, 32 Tex.; 193. If this be held to be a judgment by agreement or confession, we say the agreement is only for such a judgment as the petition will warrant. Story et als. v. Nichols, 22 Tex., 87. But a glance at the judgment will show that the agreement refers only to execution. The very terms of the agreement are that execution may issue — not a writ *in rem* — not an order of sale.

*W. J. Montgomery* and *J. W. Robertson*, for appellees.

BONNER, ASSOCIATE JUSTICE.— August 26, 1876, defendants in error, Cunningham & Hardee, as plaintiffs below, instituted this suit against William H. Lessing, plaintiff in error, in the district court of San Saba county, for the recovery of an alleged balance of $381 due on a contract for the sum of $925, for material furnished and work and labor in and about the building of a certain

house for Lessing; and for the further sum of $45.34, for extra work in and about said house.

Petition alleged that a bill of particulars and a description of the lot on which the house was erected were filed and recorded and due notice thereof given, to fix and secure the mechanic's lien under the statute. Act November 17, 1871; Pasch. Dig., art. 7112.

Lessing appeared and filed answers. On September 15, 1877, a jury having been waived, personal judgment against Lessing was rendered for the sum of $410, and the mechanic's lien on the building and lot enforced and sale of the same ordered, the judgment reciting that from the evidence adduced, Cunningham & Hardee were entitled to such lien. The judgment ended with the following other recital: that "execution may issue according to law, on or after the expiration of one hundred days from the adjournment of the present term of this court, and not before. The above decree is entered by agreement of parties."

The legal effect of this recital was to make the judgment one by consent. Hutchinson *v.* Owen, 20 Tex., 287; Laird *v.* Thomas, 22 Tex., 276.

This was a waiver of all errors except a fundamental error, which would go to the jurisdiction of the court — the latter being such error as could not be waived even by consent. Garner *v.* Burleson, 26 Tex., 348.

The only question, then, for our consideration is this: Did the court below have jurisdiction of the subject matter, it not being controverted that it had jurisdiction of the parties?

It is contended by Lessing, that, from the statements made in the petition, it is evident that the contract was one not to be performed within a year, and that to have been legal under the statute of frauds, it must have been in writing; and as the petition did not allege that the contract was filed and recorded, the lien under the statute

was not fixed and secured; and as the district court did not have jurisdiction without the lien — the amount being less than $500, — it would follow that the court below did not have jurisdiction, and hence the judgment was a nullity.

In a suit upon a contract coming within the statute of frauds, it is not necessary to allege affirmatively that it was in writing. Whether in writing or not is a question of evidence, not of pleading, particularly when a special demurrer is not interposed. Cross *v.* Everts, 28 Tex., 531, and authorities there cited.

As, however, the bill of particulars required in cases of verbal contracts was filed, the presumption would arise that the contract was verbal, not in writing. The presumption, then, upon the question of pleading, that the contract must have been in writing, would not be indulged, in the absence of a statement of facts, to the extent to declare a consent decree void for the want of jurisdiction.

But, independently of this, it has been decided by this court, that although the pleadings do not set forth a cause of action which would on a contest have authorized the judgment rendered, yet that this, even as to a married woman, would be waived by reason of the judgment having been by consent. Laird *v.* Thomas, 22 Tex., 280.

The district court had jurisdiction over a case involving the question of a mechanic's lien; the petition sought the enforcement of such lien; the judgment recites that evidence of the lien was shown upon the trial; the judgment was entered by consent, and thereby Lessing had the benefit of a stay of execution; and under the case as thus presented, it does not appear but that the court had jurisdiction, and the judgment below is accordingly affirmed.

AFFIRMED.

[Opinion delivered May 10, 1881.]