### J. B. STALLER ET AL. v. J. T. McDONALD.

#### (No. 2919.)

ERROR from Red River County. Opinion by HURT, J.

SIMS & WRIGHT, counsel for plaintiffs in error.

H. D. McDONALD, counsel for defendant in error.

§ 382. *Appearance of defendant; recitals in judgment held to show an appearance, etc.; case stated.* Defendant in error recovered of the plaintiff in error in the county court a judgment which reads as follows: "On this day this cause came on for trial, when came the plaintiff by attorney and announced ready for trial; and it appearing to the court that all of the defendants had been duly and legally cited to answer herein, and all

parties being present, the following judgment was rendered: Plaintiff's cause of action being liquidated and proven by an instrument in writing, to wit, a promissory note for balance due on principal, $709.17, and $140.68 interest, and $85.18 attorney's fees, making in all $937.03, it is therefore ordered, adjudged and decreed by the court that plaintiff J. T. McDonald do have and recover of and from the defendants J. B. Staller, W. E. Conley, Tom W. Anderson, Jr., Bob S. Pope, S. J. Anderson and J. M. Anderson the sum of $937.03, with interest. It is further ordered that execution issue after the 1st day of December, 1887, it being agreed between plaintiff and defendants that execution be not issued until said 1st day of December, 1887."

It is contended by plaintiffs in error that the foregoing is a judgment by default, and that it was rendered without legal service of citation upon them. *Held:* That the recitals in said judgment show not only an appearance by the defendants, but also an agreement for a stay of execution, and it is not a judgment by default. [Laird v. Thomas, 22 Tex. 276; Hutchinson v. Owen, 27 Tex. 287; Lessing v. Cunningham, 55 Tex. 231; Garner v. Burleson, 26 Tex. 348.] The decisions cited were made long subsequent to the enactment of articles 1241, 1245, of the Revised Statutes, and must be viewed as being in harmony with said articles. The holding in this case is not in any respect at variance with the opinion of this court in Wells v. Ames Iron Works, *ante*, § 297.

October 17, 1888.　　　　　　　　　　　Affirmed.