### Carlos Sandoval et al. v. B. F. Rosser et al.

No. 134.

1. **Parties—Suit by Guardian.**

In 1853 a guardian suing for himself, joined with other adult plaintiffs, also sued *as guardian* of two minors named, of whose estate he was the guardian. Judgment was rendered in favor of the guardian in his own right for the land sued for, and the rights of the other plaintiffs (including the minors) was adjudged as of nonsuit. *Held*, that the minors were not parties to the suit, nor were they bound by the judgment. or any judgment, in the case; they not appearing nor were they otherwise made parties ........................................... 685

2. **Reversal on Appeal—Effect.**

The defendant against whom judgment was rendered in favor of one of the plaintiffs appealed. The reversal of the case reinstated all the parties properly joined as plaintiffs, against whom the court had decided and adjudged an involuntary nonsuit......................... 686

3. **Consolidated Judgment—Consent.**

Two cases of different plaintiffs against different defendants for the same tract of land were consolidated. *Held*, that a judgment and decree in the consolidated case concluded the rights in the land in controversy of all the parties in both suits. Consent waives all errors save want of jurisdiction ....................................................... 687

Certified Question from Court of Civil Appeals for Fourth District, in an appeal from Wilson County.

*Denman & Franklin*, for appellants. — 1. The title of the Yturri minors was not divested out of them by the suits and judgments set out in the petition of appellants, because the suit brought against Thouvenin et al. was not brought by said minors, but by their guardian for them; and whilst he as such guardian could litigate therein the title held adversely to them by defendants in said suit, he could not assert title against his wards, who were not parties to the suit except through his representation, nor could he as guardian of such wards litigate with himself individually; and any judgment rendered therein decreeing to him individually property to which his wards claimed title was a nullity.

2. The title of the Sandovals was not divested out of them by the suits and judgments set out in the petition of appellants. (1) Judgment of nonsuit was entered against them upon the trial of the suit first

mentioned in appellants' petition, and they were never thereafter made parties to said suit, and no judgment thereafter entered therein could affect their title. The judgment finally entered in said cause does not dispose of their rights in the land, nor undertake to do so. If, however, they still remained plaintiffs when said judgment was rendered, then a portion of said land is decreed to them as such by said judgment, as it decrees same to plaintiffs therein. (2) They were not made adversary parties to any of the plaintiffs in said suits, and the sole issue to be tried therein was the right of plaintiffs to recover the land from defendants, and the ownership of the land as between the plaintiffs was not a subject of the litigation. Watts v. Overstreet, 78 Texas, 575; Ewing v. Perry, 35 Texas, 777; James v. James, 81 Texas, 380; Railway v. Scott, 78 Texas, 360; Rodriguez v. Trevino, 54 Texas, 201; Whitaker v. Gee, 61 Texas, 217; Railway v. Railway, 83 Texas, 517; Cook v. Burnley, 45 Texas, 106; Dunlap v. Southerlin, 63 Texas, 38; Caruth v. Grigsby, 57 Texas, 266; Scherff v. Railway, 81 Texas, 473; Pillow v. Elliott, 25 Texas Supp., 322; Foster v. Wells, 4 Texas, 101; Homer v. Brown, 16 How., 354; Ins. Co. v. Broughton, 109 U. S., 121; Haldemann v. United States, 91 U. S., 584; Graham v. Railway, 3 Wall., 704; Black on Judg., secs. 699, 599; Freem. on Judg., sec. 158; 12 Am. and Eng. Encycl. of Law, 83, and note.

*Harwood & Harwood* and *William Aubrey*, for appellees, cited: Kendall v. Mather, 48 Texas, 598; Williamson v. Wright, Posey's U. C., 717; Wethered v. Mays, 4 Texas, 438; Tadlock v. Eccles, 20 Texas, 491; Withers v. Patterson, 27 Texas, 491; Vogelsang v. Dougherty, 46 Texas, 472; Taylor v. Snow, 47 Texas, 465; Guilford v. Love, 49 Texas, 740; Alexander v. Maverick, 18 Texas, 179; Dunlap v. Southerlin, 63 Texas, 40; Alston v. Emerson, 83 Texas, 237; McAnear v. Epperson, 54 Texas, 220; Hardy v. Beatty, 84 Texas, 567; Caruth v. Grigsby, 57 Texas, 267; Treadway v. Eastburn, 57 Texas, 209; Landon v. Payne, 41 Ohio State, 303; Graham v. Railway, 3 Wall., 704; Corcoran v. Canal Co., 94 U. S., 741; Devin v. Ottumwa, 53 Iowa, 461; Thouvenin v. Rodriguez, 24 Texas, 474; Russell v. Farquhar, 55 Texas, 358; Girardin v. Dean, 49 Texas, 246; Lovenberg v. Bank, 67 Texas, 440; Allen v. Reed, 66 Texas, 13; Harmon v. Auditor, etc., 123 Ill., 122; Gould v. Sternberger, 128 Ill., 510; Maloney v. Dewy, 127 Ill., 395; Parkhurst v. Berdell, 100 N. Y., 386; Frois v. Mayfield, 31 Texas, 366; Lockett v. Railway, 78 Texas, 212; Tynberg v. Cohen, 76 Texas, 409; Robertson v. Schmidt, 48 Texas, 19; Acklin v. Paschal, 48 Texas, 177; Wooters v. Kauffman, 67 Texas, 488; Amory v. Amory, 26 Wis., 152; Brothers v. Haggins, 5 J. J. Marsh., 658; Smith v. Chenault, 48 Texas, 455; Hays v. Yarbrough, 21 Texas, 487; Little v. Birdwell, 27 Texas, 688; Collins v. Hyslop, 11 Ala., 508; Finnagan v. Manchester,

12 Iowa, 521; McCartney v. Kittrell, 55 Miss., 253; Davis v. Elliott,. 60 Texas, 338; Laird v. Thomas, 22 Texas, 276; Burton v. Varnell, 1. Texas, 635; Smith v. Taylor, 34 Texas, 589; Titus v. Johnson, 50 Texas,. 224; Gunter v. Fox, 51 Texas, 883; 12 Am. and Eng. Encycl. of Law,. 83–87; 16 Am. and Eng. Encycl. of Law, 720; 2 Black on Judg., sec.. 703.

BROWN, ASSOCIATE JUSTICE. — The Court of Civil Appeals has sub-mitted to this court certified questions in the above case upon a statement which is in substance as follows:

Jose Maria Rodriguez died intestate and seized of the land in contro-versy on the 5th day of April, 1850, leaving as his only heirs his father, Mariano Rodriguez, and his nephews Fernando Sandoval and Carlos San-doval, children of one sister, and Manuel Yturri Castillo and Vincente Yturri Castillo, children of another sister.

On the 6th day of April, 1853, Mariano Rodriguez and Fernando and Carlos Sandoval brought suit in the District Court of Bexar County against W. H. Dangerfield, John La Place, and A. Thouvenin .for the land. The suit was dismissed as to Dangerfield and La Place. The peti-tion alleged that "Mariano Rodriguez brings this suit in his own right and as guardian of the minors Manuel Yturri Castillo and Vincente Yturri Castillo." It alleges that the petitioners, by inheritance, pur-chase, and donation from Jose Mariano Rodriguez, are the legal and equitable owners of the land, and prays that they be declared to be the owners of the land, and "if one of them be found to be the owner of the whole, he be declared to be the owner of the land."

The case was tried on the 10th day of June, 1853, and the jury re-turned the following verdict: "We, the jury, find for plaintiff Mariano Rodriguez." The court entered judgment against A. Thouvenin in favor of Mariano Rodriguez for the land, and as to the other plaintiffs as fol-lows: "Moreover, it appearing to the court that the title to said land was exclusively vested in said Mariano Rodriguez, it is ordered by the court, that there be judgment as of nonsuit against the plaintiffs the Sandovals. and the guardian of the minors Manuel Yturri and Vincente Yturri Cas-tillo, and for their costs incurred in this proceeding."

A. Thouvenin appealed from the judgment, and it was reversed by the Supreme Court on the 28th of December, 1859.

On the 22nd day of March, 1857, Mariano Rodriguez instituted a suit. in the District Court of Bexar County against J. B. La Place and W. H. Dangerfield for the same land.

On the 11th day of July, 1872, Mariano Rodriguez having died, his. executrix and surviving wife, heirs, and legatees were made parties plaintiff, and by agreement of parties the two suits were consolidated..

On the same day and in the same order it is recited, "the following judgment, orders, and decrees are entered by agreement of the parties." It is recited that Antonio Superville and I. A. Paschal had purchased the south half of the land, and Superville and Mrs. Mary C. Paschal, administratrix of the estate of I. A. Paschal, deceased, are made parties defendant. The judgment then proceeds to partition the lands among the several parties, not, however, in any way mentioning the Sandovals or the Castillos.

*Questions.*—" 1. Did the said petition in suit number 1955 (the first suit) make the minors Castillo parties to said suit, so that any judgment rendered therein against them and in favor of their guardian affected their interest in any way to the land described in the petition?

"2. Was the judgment first referred to conclusive in favor of Mariano Rodriguez against Carlos and Fernando Sandoval and Manuel Yturri Castillo and Vincente Yturri Castillo, any or either of them, as to their interest in the land, or did it operate simply as a dismissal of the suit as to them?

" 3. If the judgment referred to operated as a dismissal of the suit as to said parties, or any of them, did its reversal by the Supreme Court restore them as parties to the suit as to them?

" 4. What effect, if any, did the judgment of the District Court in the consolidated case have upon the interest of Carlos and Fernando Sandoval and Manuel Yturri Castillo and Vincente Yturri Castillo, any or either of them, in the land, none of them being mentioned or referred to in the judgment?"

*Question 1.*—Under the statute then in force (Paschal's Digest, article 3904), as under the present statute, a guardian may sue to recover the property of his ward. But when he sues it is as guardian, and he is the party to the suit, and not the ward. Gibson v. Irby, 17 Texas, 174. In the case cited Gibson signed a note "Jesse Gibson, guardian of George W. Cannon," and being sued upon it, the court held that he was personally liable, and the note was his debt and not that of the ward. In this case the language of the petition is, " Mariano Rodriguez sues in his own right and as guardian of the minors Manuel Yturri Castillo and Vincente Yturri Castillo." This language did not make the Castillos parties to the suit, but described the character in which Rodriguez appeared in the case.

If, however, the language were such as to make the minors parties to the suit under ordinary circumstances, it could not have the effect in this case, for the reason that the guardian was adversely interested, and he could not maintain a suit for himself personally against himself as guardian.

In the case of Fortune v. Killebrew [ante, page 172], this court held, that where the guardian was interested adversely to his wards in a tract of land, he could not sign for his wards an agreement to arbitrate the rights of himself and wards in the division of the land, and that as between him and the wards the agreement would be void.

In Iturri v. Whitehead, 22 Texas, 556, plaintiff Whitehead sued the minors, and was afterwards appointed guardian of their estate; prosecuted the case to judgment against them, which being appealed, the court said: "It would seem on general principles, that after it was made apparent to the court that the plaintiff had been appointed guardian of the defendants, the suit ought to have been dismissed. But as this point has not been noticed by counsel it need not be decided."

This is the enunciation of the principle of right, that courts must recognize and enforce, that one who occupies a trust relation shall not use the authority given him by law or contract to the abuse of the trust. This principle applies with peculiar force, and appeals to courts with greater emphasis in cases between minors and their guardians.

The Castillos were not made parties to the suit in any manner prescribed by law; they did not voluntarily appear, were not served with process, nor represented by counsel of their own, but of their adversary's selection (Morrison v. Loftin, 44 Texas, 16; McCoy v. Crawford, 9 Texas, 354), and they were not and could not be made parties in the manner here attempted.

*Questions 2 and 3.*—A nonsuit is voluntary when the plaintiff "throws up his case and consents to a judgment for the defendant for costs." 1 Black on Judg., sec. 15. This the plaintiff has right to do at any time before the jury retires, or if tried before the court, at any time before the decision is announced. Rev. Stats., art. 1301. An involuntary nonsuit is entered by the court when the plaintiff, being called, refuses to appear at the time the jury is to deliver their verdict, or "where the court decides that the plaintiff has given no evidence upon which a jury could find a verdict in his favor." Black on Judg., sec. 15. It has been held by the Supreme Court of the Republic of Texas, that a court has no power to enter an involuntary nonsuit against such a plaintiff in our practice. Guest v. Guest, Dallam, 394; Alcorn v. Sweeney, Dallam, 494. A judgment of nonsuit, whether voluntary or involuntary, when allowed, does not bar a second suit. Black on Judg., sec. 699; Pillow v. Elliott, 25 Texas Supp., 323. In this case a verdict had been returned by the jury and a judgment pronounced that Rodriguez had a superior title to the other plaintiffs in the land, and it may be seriously doubted that the court had the power to enter a nonsuit at that time.

It is not, however, necessary for us to determine in this case whether the judgment was an involuntary nonsuit or a judgment upon the merits,

for the reason that whether it was the one or the other, it was entire as to the defendant Thouvenin, and the reversal of that judgment reversed it as to all the parties, and restored the suit to the docket as it was, with Rodriguez and the Sandovals as plaintiffs. Acklin v. Paschal, 48 Texas, 147.

*Question 4.*—When the two suits were consolidated, the Sandovals were plaintiffs with Mariano Rodriguez in the first case, and by the consolidation became plaintiffs in the consolidated suit, which involved the same subject matter.

The judgment in the case after consolidation disposes of the subject matter of the suit as to the rights of all the parties, and was a final judgment as to all of them. McFarland v. Hall, 17 Texas, 690; White v. Mitchell, 60 Texas, 165; Morrison v. Loftin, 44 Texas, 16.

If there were·in it errors as to form, they were cured by the agreement of the parties. The judgment recites that it was entered by agreement of the parties, and we must presume that all parties were present in court and agreed to the judgment as entered. A judgment entered by agreement cures all errors which do not go to the jurisdiction of the court. Hutchinson v. Owen, 20 Texas, 287; Laird v. Thomas, 22 Texas, 281; De Walt v. Snow, 25 Texas, 320; Lessing v. Cunningham, 55 Texas, 234.

The judgment entered in the case after consolidation is a bar to the claim of the Sandovals in the land embraced in that judgment.

Delivered May 17, 1894.