## DUKE v. GILBREATH, Sheriff, et al. (No. 483.)

Court of Civil Appeals of Texas. Eastland. Oct. 5, 1928.

Rehearing Denied Nov. 2, 1928.

See, also, 2 S.W.(2d) 324.

Callaway & Callaway, of Comanche, Scott, Brelsford, McCarty & Brelsford, of Eastland, and Bonner, Bonner & Fryer, of Wichita Falls, for plaintiff in error.

Grisham Bros., of Eastland, for defendants in error.

FUNDERBURK, J. On June 13, 1927, Joe N. Duke, as plaintiff, brought suit against J. T. Gilbreath, as sheriff of Comanche county, and E. Cunningham and Clark Cunningham, the purpose of said suit being to set aside a judgment of the district court of Eastland county, Eighty-Eighth judicial district, rendered on the 14th day of December, 1925, wherein the said E. Cunningham and Clark Cunningham had recovery against the said Duke and a large number of other defendants. Under the judgment sought to be vacated, which was cause No. 8565 in said court, execution had been levied by said Gilbreath as sheriff against certain property of the said Joe N. Duke. A temporary injunction was awarded by the district court of Comanche county against the parties, restraining the sale of the property. In addition to the claim of invalidity in the judgment, in which the execution was issued and levied, it was asserted that the property upon which the levy had been made was subject to homestead exemption. On June 13, 1927, the defendants Cunningham and Gilbreath filed in the district court of Comanche county a motion to dissolve the injunction, wherein exceptions were also urged to the venue, and subject to same, an answer on the merits was filed. Shortly thereafter the district court of Comanche county sustained the defendants' exceptions as to venue, and transferred the case to Eastland county in the Eighty-Eighth judi-

cial district. Later that court, by order duly entered, set down for hearing on July 18, 1927, the motion to dissolve the injunction. On July 18, 1927, the order or judgment was entered, which plaintiff in error now seeks to have reviewed by this court.

This judgment recites that the cause came on to be heard, upon the motion of E. Cunningham and Clark Cunningham, to dissolve the injunction theretofore granted, and recites the announcement of said parties that they would not contest the right of the plaintiff, Joe N. Duke, to designate out of any of his lands in Comanche county 200 acres as a homestead. The court then directs that certain described land, "which the said J. N. Duke announces he will designate as his homestead," be adjudged to be homestead and free from the execution theretofore enjoined. It is then provided that the motion of E. Cunningham and Clark Cunningham as to all other matters be sustained.

Then follow findings and conclusions of the court, sufficiently comprehensive, we think, to dispose of all issues in the case, with a recitation reading:

"All parties, both plaintiff J. N. Duke and the defendants Clark Cunningham and E. Cunningham being present and the said J. N. Duke being represented by Messrs. Callaway & Callaway of Comanche, Texas, and the said E. Cunningham and Clark Cunningham being represented by Grisham Bros., of Eastland, Texas, and in open court agree to the entry of the judgment as herein set forth," etc.

On August 31, 1927, after the entry of said judgment, the court entered another order granting plaintiff permission to file a first amended original petition. Still later, and on the last day of the term, same being September 3, 1927, another order was entered, reciting that the previous order granting leave to file the amended pleadings was inadvertently made, no new trial having been asked for or granted in the cause, and undertaking to abrogate the order granting leave to amend and refusing such leave, or in case the amendment had been filed, directing same to be stricken from the record.

On October 7, 1927, there was filed in the trial court, and has been sent up with the record in this case, what purports to be a certificate of the judge of the trial court to the effect that no facts were given in evidence upon the hearing of said cause, and the entry of the judgment of July 18, 1927. Plaintiff in error urges assignments of error complaining: (1) Of the action of the trial court in attempting to render any final judgment at a time when the case was not set for trial on its merits, but was set only for a hearing on a motion to dissolve a temporary injunction; (2) that the judgment is not a final judgment and the court erred in construing and enter-

ing the same as such, because it does not dispose of the issues embraced in the pleadings in the cause; (3) because no testimony was heard in connection with the rendition of said judgment, notwithstanding the recitation therein that same was rendered by the court upon the testimony introduced; (4) the court erred in rendering the judgment as an agreed judgment by attorneys of record, because no power of attorney had been filed, and the precept of judgment as entered was not seen nor approved, and no authority whatever was had, or appeared to have been had, by plaintiff's attorney to enter any judgment terminating plaintiff's suit entirely and denying him the right to try the case on the main issue, viz., to set aside a money judgment; (5) the court erred in rendering the judgment and thereafter construing same as an agreed judgment, because during the term plaintiff was granted permission to file amended pleadings, which latter order set aside the previous judgment to whatever extent, if any, it could be a final judgment; (6 and 7) that if the order revoking permission to file amended pleadings had the effect of restoring finality to the judgment, which was rendered not final by the order granting leave to amend, then such order of revocation was erroneous as entered within two days before the expiration of the term, without any notice to, or agreement by, plaintiff or his attorneys, and therefore, contrary to law.

The question of the finality of the judgment from which the writ of error is prosecuted is not now before us for determination. Of course, if the want of finality is apparent from the record, it would be our duty to notice that fact. In such case we would be without jurisdiction to pass upon the assignments urged, and it would be our duty to dismiss the writ. In Duke v. Gilbreath (Tex. Civ. App.) 2 S.W.(2d) 324, this court had before it the question of whether or not this identical judgment was, or was not, a final judgment and, therefore, appealable, and it was determined in favor of the finality of said judgment. The decision of this question also included the contentions here made regarding the subsequent orders of the court of date August 31st and September 3d. That decision is the law of this case, there being nothing new presented in this record which we are at liberty to consider, affecting such questions.

An interesting question is presented as to whether or not this case may be properly regarded as one coming before us with or without a statement of facts. If it is to be treated as presented for our review, without a statement of facts, we would be unable to consider any of the various assignments, because there are no bills of exception to any action of the court and no exception to the judgment. In such case our only inquiry would properly be limited to a determination of whether the pleadings justify the judgment. Continental Ins. Co. v. Milliken, 64 Tex. 48; Gillespie v. Crawford (Tex. Civ. App.) 42 S. W. 621; Tudor v. Hodges, 71 Tex. 392, 9 S. W. 443; Biggerstaff v. Murphy (Tex. Civ. App.) 21 S. W. 773.

Defendants in error cannot be said to have waived the want of any such exception by treating the case as one presented upon a statement of facts, because a motion was duly and seasonably made to strike out the certificate of the trial judge which is designed to take the place of a statement of facts.

We question, without deciding the point, whether any recitation in the judgment can be given any other or different effect by reason of the said certificate than it would be our duty to do in the absence of any such certificate. If a court enters a judgment without hearing any evidence upon which to base same, it would clearly be error to do so, unless consented to by the parties or the pleadings themselves so determine the issues as to make the introduction of testimony unnecessary. See Parrish v. Wright (Tex. Civ. App.) 293 S. W. 659.

But the way to present such an error for review of an appellate court is by a bill of exception taken to the action of the court in so doing. Here we have a judgment not excepted to; we have a certificate that there was no evidence introduced, and we are asked to hold that the action of the court in rendering the judgment was erroneous, with nothing in the record to show that any objection was made to that action of the court. But, as said before, it is unnecessary for us to determine this question, in view of the controlling effect that we have determined must be given to the recitations in the judgment that it was entered by consent of all parties. "A judgment by consent or agreement operates as a waiver of all defects or irregularities in the process, pleadings or proceedings previous to the rendition of the judgment, except such as involve the jurisdiction of the court." 34 C. J. 134; Lessing v. Cunningham, 55 Tex. 234; Sandoval v. Rosser, 86 Tex. 682, 26 S. W. 935; Forty-Acre Spring, etc., Co. v. West Texas B. & T. Co. (Tex. Civ. App.) 111 S. W. 417; Telluride Power Co. v. Teague (Tex. Civ. App.) 240 S. W. 950; Lanier v. Blount (Tex. Civ. App.) 45 S. W. 202; Parks v. Knox, 61 Tex. Civ. App. 493, 130 S. W. 203; Tait v. Matthews, 33 Tex. 112; McDaniel v. Monday, 35 Tex. 40; Hutchinson v. Owen, 20 Tex. 287; Laird v. Thomas, 22 Tex. 281; De Walt v. Snow, 25 Tex. 320.

No question is suggested as to any want of jurisdiction of the court, and in our opinion the foregoing authorities establish that the consent of plaintiff in error to the entry of the judgment constitutes an effectual waiver of any right to disturb the judgment because of any matters urged in the assignments.

If the judgment was not in reality one entered by consent, that presents a matter that cannot be reviewed by us upon writ of error, especially upon the record presented.

The judgment of the trial court is therefore affirmed.