HUBBARD et al. v. TRINITY STATE BANK et al.

No. 9657.

Court of Civil Appeals of Texas, Galveston.

Feb. 25, 1932.

Rehearing Denied March 17, 1932.

Ward & Ward, of Houston, for plaintiffs in error.

N. H. Phillips, of Crockett, Dean & Humphrey, of Huntsville, and Henry Adams, of Crockett, for defendants in error.

GRAVES, J.

The facts underlying the cause, as presented here, are thought to be correctly reflected in these recitations (copied except as to immaterial details) from the brief of defendants in error:

"In this case, consolidated cause, Trinity State Bank, D. D. Eastham and the Estate of W. A. Eastham, n. c. m., Byrde E. Wootters, guardian, were plaintiffs and the heirs at law of Lewis Hubbard and Victoria Hubbard were defendants. Judgment was entered by agreement on May 9, 1930, in term-time at a regular term of said Court, in favor of said plaintiffs and against said defendants, the case having been theretofore tried by a jury and judgment by agreement having been entered in lieu of judgment upon the jury ver-

dict; said judgment became final by adjournment of said Court on the 11th day of May, A. D. 1930, and no notice of appeal was therein given, and no appeal or writ of error has since been there-from prosecuted.

"Subsequently, on May 21st, 1930, the tenth day after the adjournment of the term of the term of the court at which said judgment was rendered, and upon a purported motion of the attorneys of all parties, the Judge ordered expunged from the minutes the aforesaid judgment—entered in Vol. O, page 349, of the Minutes of said Court, called in the brief of Plaintiffs-in-Error 'First judgment of May 5th, 1930,' and ordered entered as the final judgment of the Court, in vacation, the purported agreed judgment attached to such purported motion of all parties and designated in brief for Plaintiffs-in-Error as 'Second judgment of May 5, 1930,' recorded in Book O, pp. 355–358, of the Minutes of the Court.

"On the first day of December, 1930, all parties, the plaintiffs as well as the defendants, by counsel, came at a regular term of the Court in open Court, and filed their joint motion to enforce the first judgment above described—shown in the transcript and designated in brief of Plaintiffs-in-Error as 'First Judgment of May 5, 1930,—and to disregard and hold for naught and expunge from record the other judgment of May 5, 1930, called the 'Second Judgment of May 5, 1930,' the vacation-judgment; and said motion also asked that said original judgment be modified as to method of enforcement only so that the Receiver, R. H. Olmstead, named as such in both the term-time and vacation-judgments, dated as aforesaid, but who for some cause had failed or refused to act under either, be removed, and that order of sale issue for the enforcement of a judgment for $1000.00 and costs declared to be a lien on two tracts of land in said original decree fully described, one tract being in Walker County and one in Houston County, and the Court granted the relief in all things as prayed for in said joint motion.

"The judgments above referred to—that is, the first judgment of the April term, 1930, and the only judgment of the November term, 1930—were both in favor of the original plaintiffs, defendants-in-error here, and against the original defendants, now plaintiffs-in-error.

"The reasons given in the motion next above referred to for setting aside and holding for naught the second judgment of May 5, 1930, the vacation-judgment, were that same should be held void and of no effect for want of mutuality and consent of the parties and their attorneys, and because made and entered by the Court and the Clerk of the Court by inadvertence and error; and upon said 1st day of December, 1930, in term-time and at a regular term of said Court, said order was, after the Court had heard proof there-

on, in all things granted, and said first judgment dated May 5, 1930, was declared to be the true judgment of the Court and said purported 'second judgment of May 5th, 1930,' be held void and of no effect, and the same was ordered expunged from the record and minutes of said Court; and it was the further judgment of the Court that said first judgment be amended so as to permit the enforcement of the same by order of sale in terms of the law, the Court holding that the plaintiff and defendants, joining in said motion, are entitled to the relief therein prayed for; and it was the further order of the Court that the receiver, R. H. Olmstead, theretofore appointed by the Court, should be and he was, by said order of the Court, relieved and discharged from further duty in said decree assigned in connection with the sale of the property in said decree described, and that the plaintiff, the Trinity State Bank, and the plaintiff, D. D. Eastham, and the Estate of W. A. Eastham, non compos mentis, by Byrde E. Wootters, guardian, have their execution and order-of-sale against the estate of and heirs of Lewis Hubbard, deceased, and wife Victoria Hubbard, deceased, for the sum of $1000.00, with interest thereon, at the rate of 6%, from the 5th day of May, 1930, and for one-third of all costs in these consolidated cases incurred, directed to the Sheriff, or any Constable, of Walker County, directing him and them to seize and sell as under execution the lands in said decree and in the original decree described, lying and being in the Counties of Houston and Walker in the State of Texas; and it was the further order of the Court that said order-of-sale should contain directions to said officer upon the sale of said land and premises to pay to the Plaintiff, Trinity State Bank, $400.00, to D. D. Eastham $400.00, and to Byrde E. Wootters, guardian, $200.00, all with interest as aforesaid, prorata payments to be made to said parties, in the event said land should not sell for enough to pay said judgment; and it was the further order of the Court that, except as in said order amended, said original judgment of the Court as made on the 5th day of May, 1930, as the same appears of record in Vol. O, page 349, of the Civil Minutes of this Court of the May term, 1930, be and the same was thereby in all things ratified and confirmed.

"The original judgment of 'May 5th, 1930,' recites the call of the case, the appearance of all the parties by their attorneys of record and their agreement as to the consolidation of the two causes and the order of the Court consolidating said causes, and that 'thereupon came the parties, in person and by their attorneys of record and announced ready for trial; the overruling of all demurrers and exceptions; the impaneling of the jury; the return of their verdict consisting of their answers to special issues submitted by the Court; the motions of the plaintiffs and the

defendants for judgment in accordance with and notwithstanding the verdict of the jury; that said hearing extended over until the 9th day of May, 1930, 'when again came the parties plaintiffs and defendants in person and by their respective attorneys of record, and announced in open Court that the parties had reached an agreement as to the disposition of the several issues involved in this cause, and thereupon the terms of such agreement were submitted orally to the Court and by the Court fully considered; because it is the opinion of the Court that such agreement should be approved and final judgment entered in this cause in accordance therewith,' it was so done."

Asserting the record to conclusively show that the so-called "Second judgment of May 5, 1930" was entered on that date, hence during the April term of the court of that year, the Hubbard heirs further urge:

"1. The effect of the entry of the second judgment during the April term was to cancel and vacate the first judgment, and, after the adjournment of the term, the second judgment became the final judgment of the court. This being the final judgment, the court was without power at the subsequent term to vacate or expunge said judgment, and, upon motion, to set aside said second and final judgment, and amend and reinstate the first judgment, which had been cancelled and superseded by the second and final judgment.

"2. The second judgment entered at the April term became a final judgment after adjournment of the term at which it was rendered, and it was no longer subject to the control of the trial court.

"3. The final judgment entered at the April term speaks fully and truly the judgment as rendered by the court, and the court was without power at a subsequent term to revise said judgment to assert or enforce new and different rights, distinctly different in their nature and effect.

"4. The rights and status of the parties were fixed, determined, and adjudicated, by the final judgment at the April term, and the court was without power to change or alter the same at a subsequent term, except upon suit brought in equity for that purpose."

■ The major premise for these contentions fails, we conclude, since the transcript brought here plainly shows the facts to be as recited in the quoted statement; that is, the judgment designated as the first one of May 5, 1930, was not in fact entered until May 9 of that year, the second one was not entered until May 21—and then in Madison county, where the judge had in the meantime begun a term of court for that county—the April term of the district court for Walker county having finally adjourned on May 11th of that year; wherefore, the claimed-under "Second judgment of May 5, 1930," was wholly void. Ætna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; Arrington v. McDaniel, 119 Tex. 148, 25 S.W.(2d) 295; Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.(2d) 394; Halbrook v. Quinn (Tex. Civ. App.) 286 S. W. 954; McKean v. Ziller, 9 Tex. 58; Milam County v. Robertson, 47 Tex. 222; Missouri Pacific Ry. Co. v. Haynes, 82 Tex. 448, 18 S. W. 605; Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357.

■ So that the "first judgment of May 5, 1930," being then still extant as the judicial act of the court, the inquiry on the appeal narrows to one, merely, of whether or not the court's ultimate action in the cause, taken at its regularly succeeding November term for Walker county, and designated the "December 1, 1930, judgment," infringed any rights of the Hubbards' heirs.

We think not, mainly upon these considerations: In the first place, both the first and last judgments, that is, those under which the defendants in error claim, were not only rendered in Walker county in open court during regular term times, but also upon the consent and agreement of the parties thereto, who were all present and so participating; therefore all errors in each, if any, that did not go to the jurisdiction of the court, were cured. Posey v. Plains Pipe Line Co. (Tex. Civ. App.) 39 S.W.(2d) 1100; Forty-Acre, etc., Co. v. Bank (Tex. Civ. App.) 111 S. W. 417; Sandoval v. Rosser, 86 Tex. 687, 26 S. W. 933; William H. Lessing v. Cunningham & Hardie, 55 Tex. 231; H. C. Laird v. William Thomas, 22 Tex. 276; C. Y. Hutchinson & Wife v. Clark L. Owen, 20 Tex. 287.

■ In the second place, as we read this record, there was but a single material difference between the first and last judgments, to wit, while the former provided for its being carried into effect by a sale of the property involved through a receiver, the latter directed the same thing to be done by the sheriff as under execution, with this further proviso: "It is further ordered by the Court that, except as herein and hereby amended, said original judgment of the Court as made on the 5th day of May, 1930, as the same appears of record in Vol. O, page 349, of the Civil Minutes of this Court of the May term, A. D. 1930, be and the same is hereby in all things ratified and confirmed."

This, at most, simply amounted to a change in the remedy afforded for the enforcement of essentially the same judgment against the same property between the same parties, in the same capacities and proportionate interests; it was accordingly well within the chancery powers of the court. Merle v. Andrews, 4 Tex. 200; Cannon v. Hemphill, 7 Tex. 184; W. A. Gray v. Sylia J. Ames, 220 Ill. 251, 77 N. E. 219, 5 Ann. Cas. 174; Dennis Dwyer v. Elizabeth Nolan, 40 Wash. 459, 82 P. 746, 1 L. R. A. (N. S.) 551, 111 Am. St. Rep.

919, 5 Ann. Cas. 890; Darlington v. Allison (Tex. Civ. App.) 12 S.W.(2d) 839; 34 Corpus Juris, page 523, 34 Corpus Juris, page 631, §§ 964-968. The precise point under consideration was thus disposed of in the last citation from Corpus Juris, supra: "The lien of a judgment is not lost or affected by the appointment of a receiver for the judgment-debtor and his taking possession of the property affected, the creditor being still at liberty to issue and levy his execution thereunder, provided he first obtains leave of the court appointing the receiver."

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require an affirmance of the trial court's decree; it has been so ordered.

Affirmed.