## BLUME v. SHADYACRES INV. CO.
### No. 10118.

Court of Civil Appeals of Texas. Galveston.
May 20, 1935.

Rehearing Denied June 20, 1935.

P. Harvey, of Houston, for plaintiff in error.

LANE, Justice.

This suit was brought by Shadyacres Investment Company, a corporation hereinafter for convenience referred to as the corporation, against Mrs. Mellie A. Blume, a widow. Such suit was filed on the 3d day of March, 1933.

The plaintiff alleged that it was the owner and entitled to possession of the north half of lot 46 of Shadyacres, a subdivision of 'the Henry Reinermann one-third league in Harris county; that on or about the 1st day of April, 1931, defendant unlawfully entered upon said premises, ejected plaintiff therefrom, to its damage in the sum of $1,500; that by a contract of sale dated March 24, 1931, plaintiff agreed to sell defendant the property above described for and in consideration of the sum of $1,200, same to bear interest at the rate of 8 per cent. per annum from date of contract, said principal and interest to be paid in monthly installments of $15 each; that the only payments ever made by defendant on the contract was the sum of $25 cash on date of contract and $15 on April 17, 1931; that the unpaid balance due, as of January 1, 1933, was the sum of $1,299.90; that defendant has refused to deliver possession of said premises to plaintiff, although plaintiff has made frequent demand on her so to do; and that defendant still refuses to deliver possession of the premises, and also refuses to make any payments upon the contract.

Defendant answered by general denial and by specially alleging that the transaction "set forth in plaintiff's petition was gotten through fraud and misrepresentation made to her on the part of plaintiff, she believing and relying in all statements made, and that the notes executed as part purchase money for said property there was a failure of the consideration on the part of the plaintiff in this: That said property was not as represented and by reason thereof defendant parted with her money and entered into the contract and made the obligation as is set out by plaintiff, under misapprehension of facts and by reason thereof she is not indebted to plaintiff in any sum whatsoever."

She prayed that plaintiff take nothing by its suit. Such answer was signed by C. E. Heidingsfelder, attorney for defendant.

The court rendered judgment as follows:

"Be it remembered that on this the 10th day of July, 1933, came on to be heard the above numbered and entitled cause, when the plaintiff, Shadyacres Investment Company, appeared by attorney and announced ready for trial, and the defendant, Mrs. Mellie A. Blume, having been duly and legally served for the length of time and in the manner required by law, and having answered herein, came not, and no jury having been demanded the cause was submitted to the court, and the court having heard the pleadings and the evidence and being fully advised in the premises, finds for the plaintiff, Shadyacres Investment Company.

"It is therefore ordered, adjudged and decreed by the court, that the plaintiff, Shadyacres Investment Company, a corporation, do have and recover of and from the defendant, Mrs. Mellie A. Blume, the title and possession of the following described property, to-wit:

"The North one-half of tract Forty-six (46) of Shadyacres, a subdivision of 100.-4426 acres out of the Henry Reinermann 1/3rd League, Abstract 644, on the north side of Buffalo Bayou, in Harris County, Texas, together with all improvements thereon.

"And that it have its writs of possession and writs of assistance as often and whenever necessary to enforce this decree.

"It is further ordered that the defendant pay all costs herein incurred, for which let execution issue."

On November 14, 1933, P. Harvey, coming into the case as attorney for defendant, brought the case to this court by writ of error.

On the 11th day of January, 1934, P. Harvey for plaintiff in error filed in the trial court the following bill of exceptions:

"Be it remembered, that on the trial of the above entitled and numbered cause on July 10, 1933, oral testimony was introduced by the plaintiff, and no shorthand notes of said testimony were taken down, and said case was not reported by the official stenographer of the 80th Judicial District Court, nor by any one representing him, and no stenographic report of any of the evidence introduced by the plaintiff in said cause was made. That the defendant did not appear, either in person or by counsel, on the trial of said cause.

"And the defendant here now tenders this her bill of exception for the purpose of including the above facts as a part of the record in this case, and prays that the same be allowed and filed."

This bill of exception was qualified by the court, as follows:

"The foregoing bill of exceptions is approved with the following qualification:

"This cause was set in the usual and regular manner on the non-jury docket for July 10th, 1933, and on that date was called for trial by the Court. Mr. C. E. Heidingsfelder, who was the Attorney of record for defendant, was not in the court room when the case was called for trial, and the Court had Mr. W. P. Hamblen, Attorney for the Plaintiff, call Mr. Heidingsfelder on the 'phone in the Court's presence and advise him the case was on call. Mr. Heidingsfelder at such time advised Mr. Hamblen that the defendant had no defense to this cause and that he did not care to be present during the trial of this cause. The Court thereupon proceeded to trial in this cause and plaintiff having offered its evidence, a judgment was rendered accordingly by the Court as shown by the decree in this cause. No stenographic report of the evidence in this case was made for the reason that none was requested either by the plaintiff or defendant, the plaintiff having waived a stenographic report of the evidence and the defendant having failed to appear for the trial and having made no request for a stenographic report of the evidence. The Court deemed it unnecessary to have the evidence reported by the Official Court Reporter who was then available and could have made a stenographic report of the testimony had the defendant been present or requested such a report. Neither the plaintiff or the defendant having requested a statement of facts or prepared one in this cause, and on the 9th day of January, 1934, the foregoing bill of exception was presented to the Court by Counsel for the defendant, Mr. P. Harvey. The Court thereupon asked Mr. Harvey if he desired a statement of facts in this cause and he replied 'he did not' and thereafter the Court requested counsel for the plaintiff to prepare a statement of facts in the cause and the Court having examined the statement of facts prepared by the plaintiff, finds that the same is true and correct statement of facts and has approved and adopted the same as a true

and correct statement of facts in the cause and has accordingly filed the same on this the 10th day of January, 1934.

"Subject to the following qualifications this bill is approved and ordered filed in the records of this cause this the 11th day of January, 1934."

Defendant accepted and filed such bill of exceptions as qualified.

Appellant now contends that the failure of the trial court to have shorthand notes taken of the evidence submitted in the trial of the case, and the failure of the official court stenographer to report such evidence, constitutes reversible error.

We overrule such contention. By the acceptance and filing of the bill of exceptions as qualified by the court, defendant is bound by the recitals in the qualification of the court. Moore v. Davis (Tex. Civ. App.) 16 S.W.(2d) 380, judgment affirmed (Tex. Com. App.) 27 S.W.(2d) 153; Citizens' National Bank v. Slaton (Tex. Civ. App.) 189 S. W. 742; Hemler v. Hucony Gas Co. (Tex. Civ App.) 18 S.W.(2d) 942, writ of error dismissed; Chicago, R. I. & G. Ry. Co. v. Harris (Tex. Civ. App.) 28 S.W.(2d) 611; Houston Electric Co. v. Potter (Tex. Civ. App.) 51 S.W.(2d) 754.

The record shows that C. E. Heidingsfelder was the attorney for plaintiff in error, chosen by her to represent her in the case. In the absence of allegation and proof that any misrepresentation or fraud was practiced upon her by her attorney by substantially or in effect announcing to the court that his client had no defense to the plaintiff's suit, and in effect informing the court, directly or indirectly, that judgment might be rendered for the plaintiff, as shown by the court's qualification to the bill of exceptions, plaintiff in error waived all errors, if any, committed before the rendition of the judgment, except such as might go to the jurisdiction of the court. Wherefore, the complained of error will not be noticed by this court. Posey v. Plains Pipe Line Co. (Tex. Civ. App.) 39 S.W.(2d) 1100; Allen v. Ry. Co. (Tex. Civ. App.) 70 S.W.(2d) 758; Hubbard v. Trinity State Bank (Tex. Civ. App.) 48 S.W.(2d) 379.

It is not contended here that there was any plea of fraud or misrepresentation perpetrated upon defendant by her attorney or any one else, nor was there any attempt to prove either fraud or misrepresentation by defendant's attorney. It should, we think, be assumed that such attorney's agreement, in effect that judgment should be rendered for the plaintiff, was made in good faith with the knowledge and consent of defendant.

In the case of Posey v. Plains Pipe Line Co., supra, it is said: "The general rule is that a party cannot complain of a judgment or decree rendered by consent or on agreement, nor can he appeal or sue out a writ of error to have the same reviewed, even though there has been an attempt to reserve the right to appeal. 3 C. J. 671. It is held in Texas that a judgment by consent of parties waives all errors committed before its rendition, and they will not be noticed by the appellate court."

Many cases are cited in the Posey Case in support of the rule stated.

For the reasons pointed out, the judgment is affirmed.

Affirmed.