OPINION
By BARNES, J.
The above-entitled cause is now being determined as an error proceeding by reason of plaintiff’s appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.
The action was brought on behalf of the State of Ohio by the Attorney General under the authority of §1465-75 GO, against the Commercial Motor Freight, Inc., for the collection of the sum of $14,656.16, alleged to be premiums due and payable to the State Insurance Fund.
Plaintiff’s second amended petiton alleged in substance that the Commercial Motor Freight, Inc., during the period beginning August 15. 1935, and ending January 1,. 1938, regularly employed three or more persons and was a subscriber to the State Insurance Fund; said company was indebted to the'fund'in the amount of $14,-656. and that it refused to pay-such amount upon demand' therefor.
The issues having been joined by the general denial of defendant, the cause came on to be heard in the Court of Common Pleas of Franklin County, Ohio. Jury was waived, cause heard to the Court, and upon consideration thereof, the Court found the issues to be resolved as follows:
“First. Whether certain owner-operators furnishing equipment for the transportation of merchandise under oral contracts were employees of the defendant, or were independent contractors; the plaintiff claiming that in connection with such owner-operators additional premium is due it for the period aforesaid in the sum of $10,243.03;
“Second, Whether defendant has paid the entire premium due and payable on certain of its admitted employees, for the period aforesaid, which employees have been reclassified to a higher premium rating by order of the plaintiff, concerning which employees so reclassified, the plaintiff claims additional premium in the amount of $4080.92.”
Responsive to these issues the trial court found as follows:
“The court finds on the issues joined in favor of the defendant on the first issue; find that the relation of principal and inde-' pendent contractor obtained between the defendant and said owner-operators, and that the relationship existing was not that of employer and employee. As to the additional premiums prayed for with respect to said owner-operators, it is the finding of the court that the plaintiff’s petition be dismissed and the relief prayed for be denied.
*481 “With respect to the second issue, the court finds that the evidence offered by'the defendant has failed to overcome the 'prima facie case made by the introduction in evidence of the findings of the Industrial Commission of Ohio, and that defendant has not satisfied the court that the reclassifications made by the Commission were erroneous.”
Motion for new trial was filed on behalf of the plaintiff directed to the finding of the court that the relationship between the defendant and certain owner-operators was that of principal and independent contractor and not that of employer and employee.
No motion for new trial was filed by the defendant relating to the second issue and we are informed that defendant has paid, the amount of the judgment adjudicated under the second issue.
The present appeal relates to only what has been indicated above as the first issue.
The record comprises some 400 pages and we have read it in its entirety.
Counsel for the respective parties have presented very exhaustive and informative briefs. We are also favored with the written op-, inion of the trial court.
We have spent a great deal of time in familiarizing ourselves with the factual questions and the pertinent principles of law involved. When we reached the time of preparing the opinions, we find that the very able opinion of the trial court conforms to our conclusions and so fully and masterfully presents the questions and the adverse views that we can find no useful purpose in writing another opinion. We adopt the Court’s opinion in its entirety and affirm the judgment.
The costs in this Court will be adjudged against plaintiff-appellant. Cause remanded for collection of costs and further proceedings according to law.
Entry may be prepared accordingly.
GEIGER, PJ., & HORNBECE, concur.